IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARON EMERSON<br>3570 Valerie Dr<br>Youngstown, Ohio, 44502<br><br>    On behalf of herself and all others<br>    similarly-situated<br><br>                              Plaintiff,<br><br>                  v.<br><br>SPECIALIZED HOME CARE<br>PROVIDERS, LLC<br>6006 Market Street<br>Boardman, Ohio, 44512<br><br>    **Serve also:**<br>    Michael Creatore, Statutory Agent<br>    1046 Harbour Lights Blvd<br>    Columbiana, Ohio, 44408<br><br><br>                            Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**COLLECTIVE ACTION<br>COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR STANDARDS<br>ACT**<br><br>(Jury Demand Endorsed Herein) |

## **INTRODUCTION.**

By paying Plaintiff Sharon Emerson and those similarly situated a flat hourly rate for all hours worked over forty (40) in a single workweek and disguising these payments as "reimbursements," Defendant Specialized Home Care Providers, LLC, ("SHCP") intentionally and willfully engaged in a pattern of wage theft that deprived Plaintiff and those similarly situated of overtime pay. Accordingly, SHCP's conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of herself and all other similarly situated employees, Emerson bring this collective action for the recovery of unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b). Additionally, Emerson brings this collective action under Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111.03, on behalf of herself and

all similarly situated employees. Members of the collective action are referred to as the "Collective Class Members." The following allegations are based upon information and belief, or personal knowledge as to Emerson's own conduct and experiences working for SHCP and the conduct and acts of others.

## PARTIES.

1. Emerson is an individual residing in Mahoning County, Ohio. Emerson performed work for SHCP within the last three years for which she was not paid the proper overtime wages guaranteed by the FLSA. Emerson' signed consent to sue form is attached hereto as Exhibit "A."

2. The Collective Class Members are all current and former non-exempt employees of SHCP who were paid on an hourly basis and denied overtime pay.

3. SHCP is a domestic limited liability corporation with its principal place of business located in Youngstown, Ohio.

4. During all times material to this Complaint, SHCP was Emerson and the Collective Class Members' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## PERSONAL JURISDICTION.

5. SHCP is an Ohio Corporation; hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over SHCP comports with due process.

6. This cause of action arose from or relates to the contacts of SHCP with Ohio residents, thereby conferring specific jurisdiction over SHCP.

## SUBJECT MATTER JURISDICTION AND VENUE.

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this District because SHCP does a sizeable portion of its business in this District; its principal place of business is located in this district; and the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

9. At all times referenced herein, SHCP was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

10. At all times referenced herein, Emerson and those similarly situated were subject to the "individual coverage" of the FLSA because they engaged in interstate commerce as part of their work.

## OMFWSA COVERAGE.

11. At all times referenced herein, SHCP had a gross annual income of over $150,000.00, subjecting it to the overtime requirements of the OMFWSA.

## FACTUAL ALLEGATIONS.

12. SHCP is a home health care agency.

13. Emerson is a former employee of SHCP.

14. Emerson was employed by SHCP as a Home Aide.

15. At all times referenced herein, Emerson and those similarly situated were paid on an hourly basis.

16. At all times referenced herein, Emerson and those similarly situated regularly worked in excess of forty (40) hours per workweek.

17. At all times referenced herein, SHCP failed to pay Emerson and those similarly situated overtime pay for those hours they worked over forty (40) hours per workweek.

18. Instead of paying overtime, SHCP paid Emerson and those similarly situated a flat hourly rate for all hours worked.

19. SHCP would disguise the flat rate pay it paid Emerson and those similarly situated as "expense reimbursement" when in reality, Emerson and those similarly situated did not have any expenses for which they required reimbursement:

**Sharon Marie Emerson**
3404 Sandalwood Lane
Youngstown, OH 44511

**SPECIALIZED HOME CARE PROVIDERS LLC**
6006 Market Street
Youngstown, OH 44512
OH EIN: 54-006896

**Pay Period** 9/12/2022 - 9/25/2022
**Pay Type** Hourly
**Pay Date** 9/30/2022

| HOURS | | | EARNINGS | | EMPLOYEE TAXES | | AMOUNT | |
|---|---|---|---|---|---|---|---|---|
| Description | Hours | Rate | Pay Period | YTD | Description | | Pay Period | YTD |
| Regular Rate | 60.00 | $13.00 | $780.00 | | Social Security | | $65.10 | $250.50 |
| Private pay/special rate | 20.00 | $13.50 | $270.00 | | Medicare | | $15.22 | $58.58 |
| | | | | $4,040.25 | Ohio State Tax | | $17.73 | $66.12 |
| Totals | 80.00 | | $1,050.00 | $4,040.25 | Totals | | $98.05 | $375.20 |
| Nontaxable | | | | | | | | |
| Mileage Reimburse | | | $2.40 | $9.45 | | | | |
| Expense Reimburse | | | $149.50 | $149.50 | | | | |

| DEDUCTIONS | AMOUNT | | EMPLOYER CONTRIBUTIONS | AMOUNT | |
|---|---|---|---|---|---|
| Description | Pay Period | YTD | Description | Pay Period | YTD |
| No deductions | - | - | No Contributions | - | - |
| Totals | $0.00 | $0.00 | Totals | $0.00 | $0.00 |

| ACCRUED TIME-OFF HOURS | AMOUNT |
|---|---|
| Description | YTD |
| COVID 2/3 Sick | 0.00 |
| COVID Family Leave | 0.00 |
| COVID 100 Sick | 0.00 |

20. SHCP's conduct was not accidental or inadvertent, but intentional, knowing, and willful conduct designed to facilitate wage theft against SHCP's hourly, non-exempt employees.

21. SHCP did not have, and could not have, a good faith belief that its conduct complied with the overtime obligations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS.

22. Emerson incorporates by reference each of the allegations in the preceding paragraphs.

23. At all times referenced herein, SHCP employed non-exempt employees who (1) were paid on an hourly basis, (2) were paid a flat rate for all hours worked over forty (40) in a single workweek, and (3) were not paid overtime.

24. SHCP' failure to pay overtime is not limited to Emerson and was and/or is a company wide scheme affecting all hourly, non-exempt employees in a similar manner.

25. Emerson brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly-situated individuals who are part of the following class:

    All persons who were employed by Specialized Home Care Providers, LLC, for any length of time during the three years immediately preceding this action, who received flat rate pay or "expense reimbursement" instead of overtime pay for hours worked in excess of forty (40) per workweek.

26. Collective Action treatment of Plaintiffs' FLSA claim is appropriate because Emerson and the Collective Class Members have been subjected to the same company-wide, common business practice referenced in Paragraphs 12-21 of the foregoing Complaint and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether SHCP' company-wide practices failed to properly compensate the Collective Class Members for overtime hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

27. Emerson re-alleges and incorporates by reference the allegations set forth in paragraphs 1-26, above.

28. The FLSA requires each covered employer, such as SHCP, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

29. Emerson and the Collective Class Members were not exempt from the right to receive overtime pay under the FLSA during their employment with SHCP.

30. Emerson and the Collective Class Members are entitled to be paid overtime compensation for all overtime hours worked.

31. At all times relevant to this Complaint, SHCP had a policy and practice of failing to pay the proper overtime rate to its hourly employees by excluding shift differential payments, sift premium payments, and/or non-discretionary bonuses from the calculation of the regular rate of pay and corresponding overtime rate.

32. SHCP either recklessly failed to investigate whether its failure to pay Emerson and the Collective Class Members the proper overtime rate violated the Federal Wage Laws of the United States; it intentionally misled Emerson and the Collective Class Members to believe that SHCP was paying overtime correctly, and/or SHCP concocted a scheme pursuant to which it deprived Emerson and the Collective Class Members of the overtime pay they earned.

33. SHCP' failure and refusal to pay Emerson and the Collective Class Members the proper overtime wage for all overtime hours worked was willful, intentional, and not in good faith.

34. Emerson and the Collective Class Members are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. §§ 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.**

35. Emerson re-alleges and incorporates by reference the allegations set forth in paragraphs 1-35, above.

36. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

37. SHCP failed to pay Emerson and the Collective Class Members overtime premium for hours they worked over forty (40) each week.

38. In denying Emerson and the Collective Class Members all overtime compensation they were due, SHCP violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

39. As a direct and proximate result of SHCP's unlawful conduct, Emerson and the Collective Class Members have suffered and will continue to suffer a loss of income.

40. Having violated the OMFWSA, SHCP is liable to Emerson and the Collective Class Members pursuant to Ohio R.C. § 4111.03 for the full amount of their unpaid overtime; liquidated damages; costs; and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests judgment in their favor against Defendants, containing the following relief:

(a) Designating this action as a collective action on behalf of Plaintiffs and the Collective they represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to Collective Class Members apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designating this action as a collective action on behalf of Plaintiffs and the the Ohio Collective Class Members they represent pursuant to O.R.C. §4111.10(C) and allowing those putative class members who worked in Ohio and who elect to opt into the collective FLSA claims to opt into the Ohio Collective Claim;

(c) Designating each Plaintiff as a representative for both the FLSA Collective and the Ohio Law Collective;

(d) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(e) Awarding Plaintiff and the Collective unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(f) Awarding pre-judgment and post-judgment interest as provided by law;

(g) Awarding reasonable attorneys' fees and costs; and

(h) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
25825 Science Park Drive, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email:  Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Sharon Emerson*


# JURY DEMAND

Plaintiff Sharon Emerson demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**